UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

IN RE:
JAMES A. CHIPELLO

Debtor

Chapter 7

Case No. 05-21478

BRIAN LAMB )
)
Plaintiff )
)
v. )
)
JAMES A. CHIPELLO )
)
Defendant )
)

Adversary Proceeding

No. 05-2071

APPEARANCES:

Glenn T. Terk, Esq.
    Law Office of Glenn T. Terk
    81 Wolcott Hill Road, Wethersfield, CT 06109
    Counsel for Plaintiff

Thomas C. Boscarino, Esq.
    Boscarino, Grasso & Twachtman, LLC,
    628 Hebron Avenue, Building 3, Glastonbury, CT 06033
    Counsel for Defendant - Debtor

## MEMORANDUM OF DECISION

KRECHEVSKY, U.S.B.J.

I.

The matter before the court is the objection by Brian Lamb ("the plaintiff") to the granting of a discharge to James A. Chipello ("the debtor"). The court held a hearing on the complaint and answer on May 12, 2006, after which both parties were in agreement that their pretrial briefs adequately stated their arguments.

II.

The debtor, on May 5, 2005, filed a Chapter 7 petition. The plaintiff filed his complaint on August 3, 2005, alleging in Count One that the debtor is not entitled to a discharge pursuant to Bankruptcy Code §727(a)(2)(A) ( "the debtor, with intent to hinder, delay, or defraud a creditor . . . has transferred, removed, . . . or concealed . . . property of the debtor, within one year before the date of the filing of the petition"); and in Count Two, pursuant to §727(a)(4)(A) ("the debtor knowingly and fraudulently, in or in connection with the case . . . made a false oath or account").[1]

III.

The plaintiff and the debtor in 2003 jointly formed a limited liability company entitled Tree Line Garden Center, LLC ("Tree Line") to conduct a garden-center business at leased premises in Vernon, Connecticut. When disagreement arose between the parties, the plaintiff sold his interest in Tree Line to Tree Line for $120,000. Payment of the sale price was by way of a promissory note from Tree Line for $120,000, dated February 13, 2004, guaranteed by the debtor. When the note became in default, the plaintiff started suit in state court, and, on March 21, 2005, was granted a prejudgment remedy of attachment against realty of the debtor and property of Tree Line.

In 2003, the debtor's wife, Kimberly Baxter ("Baxter") had quitclaimed a half interest in their residence ("the residence") to the debtor. The debtor paid no

---

[1] The amended complaint, filed on August 5, 2005, added a third count based upon allegations of nondischargeability of debt pursuant to §523(a)(2). The court deems the third count abandoned by the plaintiff in that the plaintiff introduced no evidence and has made no argument in his brief.

2

consideration for this transfer. The debtor, on October 21, 2004, for no consideration reconveyed his interest in the residence to Baxter. Baxter, on April 21, 2005, again transferred a one-half interest in the residence to the debtor. Baxter, prior and subsequent to her marriage to the debtor, had been employed by Tree Line.

At the time of the sale by the plaintiff of his interest back to Tree Line, Tree Line was indebted to Rockville Savings Bank ("the Bank"). The Bank had secured such debt by obtaining a security interest in all of Tree Line's assets. The original loan was for $75,000 and was guaranteed by the debtor and the plaintiff. Exercising its rights under the security agreement, the Bank, sometime prior to September 28, 2005, due to a default in payment by Tree Line, took possession of Tree Line's assets. The Bank, by letter dated September 28, 2005, advised Tree Line, the debtor and the plaintiff that the Bank intended to conduct a private sale of its collateral, pursuant to the Uniform Commercial Code, on October 8, 2005. At a continued sale date, the Bank, for the sum of $3,000, sold most of the collateral on December 23, 2005 to Terra Gardens, LLC, a limited liability company formed solely by Baxter. The plaintiff's attorney, by letter to Baxter's attorney, stated the plaintiff would not be a buyer of any of the collateral and had "no objection to your client purchasing these items from Rockville Bank for $3,000.00 and will not assert a claim against your client as a result of this purchase." (Exh. 5.) Terra Gardens then started operating a garden center at the same location formerly occupied by Tree Line.

IV.

Courts generally have recognized the importance of the discharge to the debtor and, accordingly, have construed the provisions of § 727 liberally in favor of debtors.

3

"Clearly, § 727 imposes an extreme penalty for wrongdoing. As such, [the Second Circuit Court of Appeals has] held that it must be construed strictly against those who object to the debtor's discharge and liberally in favor of the bankrupt." In re Chalasani, 92 F.3d 1300, 1310 (2d Cir. 1996) (citation and quotation marks omitted).

The plaintiff has the burden of proof in an adversary proceeding objecting to discharge. Fed. R. Bankr. P. 4005. The standard of proof is the preponderance of the evidence. Wolfson v. Wolfson (In re Wolfson), 152 B.R. 830, 832 (S.D.N.Y. 1993). "Once sufficient evidence is presented by the plaintiff to satisfy the burden of going forward with the evidence, the burden thereafter shifts to the debtor to provide evidence to rebut the plaintiff's prima facie case. The plaintiff, however, always bears the ultimate burden of proving, by a preponderance of the evidence, the essential elements of an alleged objection to discharge." PaineWebber, Inc. v. Gollomp (In re Gollomp), 198 B.R. 433, 440 (S.D.N.Y. 1996).

### Count One

"The exception to discharge in § 727(a)(2)(A) essentially 'consists of two components: an act (i.e., a transfer or a concealment of property) and an improper intent (i.e., a subjective intent to hinder, delay, or defraud a creditor)'." In re Kontrick, 295 F.3d 724, 735-37 (7th Cir. 2002) (quoting Rosen v. Bezner, 996 F.2d 1527, 1531 (3d. Cir.1993)), aff'd, 540 U.S. 443 (2003). To support an objection to discharge pursuant to Bankruptcy Code §727(a)(2)(A), the plaintiff must prove that (1) the debtor transferred or concealed (2) his property (3) within one year prior to filing the bankruptcy petition (4) with the intent to hinder, delay or defraud a creditor. See, e.g. In re Kontrick, 295 F.3d at 736.

Furthermore, §727(a)(2)(A) requires that the plaintiff prove the debtor's actual intent to hinder, delay or defraud his creditors. "Constructive fraudulent intent ... cannot be the basis for the denial of discharge." In re Adlman, 541 F.2d 999, 1003 (2d Cir.1976); See also In re Devers, 759 F.2d 751, 753-754 (9th Cir. 1985); The Cadle Co. v. DiFabio (In re DiFabio), 314 B.R. 281, 285 (Bankr. D.Conn. 2004).

The plaintiff requests that the court conclude that it was the debtor, not the Bank, who transferred Tree Line's assets to Baxter with intent to defraud creditors. The plaintiff's brief asserts: "The first three elements of Section 727(a)(2)(A) are clearly met here: (1) the Debtor transferred to his wife, Kimberly A. Baxter; (2) his business assets; (3) only months before he filed his voluntary petition for relief on May 5, 2005." (Pl.'s Brief at 5.)

The court concludes the plaintiff has failed to carry his burden of proof as to Count One. The plaintiff ignores the testimony of the Bank's vice president in control of the Tree Line account that it was not the debtor but the Bank, having enforced its security interest in Tree Line's assets, that transferred these assets to Baxter.

The court further concludes the transfers to Baxter prepetition, by the debtor of his one-half interest in the residence, were not made with fraudulent intent.

### IV.

### Count Two

To support an objection to discharge pursuant to Bankruptcy Code §727(a)(4), the plaintiff must prove that: (1) the debtor made the statement under oath; (2) such statement was false; (3) the debtor knew the statement was false; (4) the debtor made the statement with fraudulent intent; and (5) the statement related materially to the

bankruptcy case. See, e.g. Northeast Alliance Fed. Credit Union v. Garcia (In re Garcia), 260 B.R. 622, 631 (Bankr. D.Conn. 2001) (citations omitted).

> Statements made in a bankruptcy petition and/or schedules are covered by §727(a)(4) . . . . Once the objecting creditor . . . has produced persuasive evidence of a false statement, the burden of production shifts to the debtor to come forward with some credible explanation for a false statement on the schedules. A statement is not fraudulent within the meaning of the false statement exception to discharge simply because it is false.

Id. (citations omitted). As in §727(a)(2), the plaintiff objecting to a debtor's discharge pursuant to §727(a)(4), must prove actual, not just constructive, fraudulent intent. See, e.g. Id.

The plaintiff claims the schedules of the debtor's bankruptcy petition contained false information, such as failing to list as property of the debtor the assets of Tree Line; failing to disclose the debtor had owned an interest in Tree Line; the transfer of Tree Line's assets to Terra Gardens, LLC; and that attachments had been granted to the plaintiff and to the Bank.

The debtor presented the testimony of the attorney who had prepared the debtor's schedules. She stated that the debtor made her well aware of his former interest in Tree Line. From her discussions with the debtor's business attorney, she understood that Tree Line had already been dissolved and was no longer in existence as of the petition date. She therefore did not include the debtor's interest in the defunct entity. She pointed out that the schedules, in approximately 40 instances, refer to Tree Line.

The debtor in ¶4 of his Statement of Financial Affairs listed litigation in which he was a party defendant brought by the Bank and the plaintiff, despite his failure to

include information concerning the attachment in ¶4b.

The court concludes the plaintiff has failed to carry his burden of proof as to the allegations in Count Two.

### VI.

Based upon the foregoing, judgment shall enter for the debtor, and the debtor shall be granted a discharge from debt.

Dated at Hartford, Connecticut this 5 day of June, 2006.

_____
ROBERT L. KRECHEVSKY
UNITED STATES BANKRUPTCY JUDGE